UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**SHERRY LYNN ROBINSON,**
      **Plaintiff**

**v.**              Civil Action No.
                 3:05CV404-J

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
      **Defendant**

## MEMORANDUM OPINION

  This case presents plaintiff Sherry Lynn Robinson's challenge to the decision of the Commissioner denying her claim to Supplemental Security Income payments. After examining the materials of record, the arguments of the parties, and the applicable authority, the Court is of the opinion that the decision of the Commissioner should be affirmed.

  Ms. Robinson filed her application in April of 2003, alleging that she had been disabled since July of 1989 (when she turned eighteen). After a hearing, the Administrative Law Judge ("ALJ") determined that the claimant suffered from severe impairments, including a controlled seizure disorder, depression, and a history of headaches. The ALJ further determined that Ms. Robinson retained the residual functional capacity for a significant range of sedentary jobs.

  If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm

in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Ms. Robinson contends that substantial evidence is lacking because the ALJ committed an error of law in failing to accord proper weight to the opinions of Ms. Robinson's physicians. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

In this case, Ms. Robinson complains that the ALJ did not discuss all of Dr. Reyes' records. However, she does not point to any opinion of Dr. Reyes that the ALJ rejected or gave only limited weight. Ms. Robinson is also concerned about the treatment of the opinion of treating neurologist Dr. Bhupalam, who reported that Ms. Robinson suffered from headaches on an "irregular but frequent basis," and who also reported that the side effects of her seizure and headache medications could include being sleepy and tired. Tr. 242-243. Beyond noting that Ms. Robinson's medications could cause some drowsiness, Dr. Bhupalam did not identify any specific functional limitation, nor did he make any comment suggesting that the side effects would leave her unable to function. Dr. Bhupalam also noted the effects of stress in bringing on headaches; significantly, the jobs identified by the vocational expert were described as "low stress." Tr. 273.

Thus, while Ms. Robinson characterizes her argument as a challenge to the proper evaluation of treating physicians' opinions, the fact is that the ALJ did not "reject" the opinion of any treating physician.  Rather, although the plaintiff would prefer to interpret the doctors' statements as suggesting greater disability, the ALJ's interpretation was equally reasonable.  The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6 th Cir.1986).

Ms. Robinson argues that the ALJ erred as a matter of law in assessing her credibility. An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other."  Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990).  Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997).  Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so.  Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987).

In this case, the primary credibility issue concerned the frequency and severity of seizure and headache activity.  Ms. Robinson conceded that all but one of her doctors failed to agree that her headaches were migraine in nature.  Tr. 262.  She conceded that she has always had her

driver's license and that driving does not make her nervous. Tr. 262, 271. The ALJ noted that Ms. Robinson has not always been compliant with respect to her medications. He observed that as of November 2004, Ms. Robinson had not had a seizure in over a year. He pointed to the treating physicians' statements that the headaches and the depression were improving. The ALJ noted that the daily activities described by Ms. Robinson are not consistent with the degree of limitation to which she testified. All of these represent adequate reasons for the ALJ's having declined to accept Mr. Robinson's testimony as fully credible.

     Ms. Robinson contends that substantial evidence fails to support the conclusion that there is work in the national economy that she is capable of performing. The record reflects that the jobs identified by the vocational expert assume a seizure condition that precludes heights or machinery, moderate limitation in ability to understand and remember detailed instructions, moderate limitation in the ability to carry out detailed instructions, moderate limitation in the ability to interact with the public, and moderate limitation of ability to respond appropriately to change. Tr. 133-134, 273. Those jobs would not be available if the ALJ fully credited Ms. Robinson's testimony regarding frequency and severity of headaches and seizures; however, as noted above, substantial evidence supports the ALJ's factual findings in this regard.

     Ms. Robinson contends that substantial evidence fails to support the determination that her borderline intellectual functioning is not a severe impairment. The significance of finding an impairment "severe" or "non-severe" is whether the examination of the claimant's circumstances is taken to the next step in the sequential analysis. If any impairment is found severe, the analysis is taken to the next step, such that the mere failure to classify a second impairment severe is irrelevant, so long as the actual impact of that impairment is considered as part of the

4

whole. To the extent plaintiff argues that a finding that a particular impairment is not severe can in itself constitute reversible error, she is incorrect. In <u>Maziarz v. Secretary of Health & Human Services</u>, 837 F.2d 240, 244 (6th Cir. 1987), the Court established that there is no error in finding a particular impairment non-severe so long as the effect of that condition is considered in determining whether the claimant "retained sufficient residual functional capacity to allow him to perform substantial gainful activity." As it is clear that the ALJ considered mental limitations in the course of posing hypothetical questions to the vocational expert, there was no error.

Finally, Ms. Robinson argues that the ALJ's finding that she has a high school education is not supported by substantial evidence. The record reflects Ms. Robinson's graduation from high school, but it also shows impairment of intellectual functioning. Nonetheless, the point is a moot one: The ALJ did not ask the vocational expert whether all high school graduates would be able to perform the identified jobs, but rather whether a person with Ms. Robinson's specific physical and psychological limitations would be able to perform those jobs. The Court finds no error.

An order in conformity has this day entered.